Dear Mr. Hughes:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. Specifically, you ask whether two members of the East Feliciana Parish School Board who also serve on the East Feliciana Parish Planning Commission and the Zachary Taylor Parkway Commission, respectively, are in violation of La.R.S. 42:61 et seq., which deals with dual officeholding.
A similar issue was previously addressed in Attorney General Opinion No. 99-74. In that opinion which was requested by you, this office opined that the definitions provided in La. R.S. 42:62 (9) provide that the parish, school board and any other unit of local government are separate political subdivisions. That opinion went on to quote La.R.S. 42:63 (D) as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
In accordance with the above-cited statutes, the elected East Feliciana School Board member who has been appointed to the Zachary Taylor Parkway Commission may continue to hold the latter position as long as the appointment continues to be held on a part-time basis.
With regard to the school board member who was appointed to the East Feliciana Parish Planning Commission, La.R.S. 33:103 (C)(1) is controlling. This statute is as follows:
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this Paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members to any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added).
As is apparent from a reading of § 103(C)(1), the member of the East Feliciana Parish Planning Commission is prohibited from holding any other public office, including that of East Feliciana Parish school board member. Therefore, this school board member must resign from one of the public offices he currently holds.
We hope this sufficiently addresses your questions. However, if you should need anything further from this office do not hesitate to contact us.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr.:FJP:sc